1
2
3
4
5      UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA
7
8  CLAUDIE EASLEY,                           No. C 09-5477 SI (pr)
9          Petitioner,                       **ORDER ON INITIAL REVIEW**
10       v.
11 HEDGEPETH, warden,
12         Respondent.
13 _____/

14                          **INTRODUCTION**

15      Claudie Easley, an inmate at the Salinas Valley State Prison, filed this pro se action

16 seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the

17 court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254

18 Cases.

19                          **BACKGROUND**

20      Easley states in his petition that he was convicted in the Alameda County Superior Court

21 of murder.  He was sentenced in January 2006 to 56 years to life in prison.  He appealed.  His

22 conviction was affirmed by the California Court of Appeal on November 15, 2006, and his

23 petition for review apparently was denied in 2007.  He also apparently filed habeas petitions in

24 state court before filing this action.

25      Easley then filed this action, seeking a writ of habeas corpus.  His petition has a proof of

26 service indicating that it was mailed to the court on October 18, 2009.  The petition came to the

27 court in an envelope with a November 16, 2009 postmark and was stamped "filed" on November

28 18, 2009.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing

Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

Easley has moved for appointment of counsel. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action. The motion for appointment of counsel is DENIED.

## CONCLUSION

Good cause appearing therefor,

1.    The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2.    Respondent must file with the court and serve upon petitioner, on or before **April 30, 2010**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted. If he files a motion to dismiss, respondent should address petitioner's timeliness argument in his petition.

3.    If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **June 4, 2010**.

4.    Respondent may file and serve a reply on or before **June 25, 2010**.

5.    The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then

determine whether to require an answer to the petition.

      6.     Petitioner's motion for appointment of counsel is DENIED.  (Docket # 2.)

      7.     Petitioner's <u>in forma pauperis</u> application is GRANTED.  (Docket # 4.)

IT IS SO ORDERED.

DATED: February 12, 2010

_____
SUSAN ILLSTON
United States District Judge

4