UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIE EASLEY,

    Petitioner,

  v.

HEDGPETH, Warden,

    Respondent.
                                  /

No. C 09-5477 SI (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

**INTRODUCTION**

    This is a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. Accordingly, the petition is DISMISSED.

**BACKGROUND**

    In 2005, the Alameda Superior Court, after a bench trial, found petitioner guilty of second degree murder, evading a police officer, leaving the scene of an injury accident, and transportation and possession for sale of cocaine base. Petitioner was sentenced to an indeterminate term of thirty years-to-life for the murder conviction, plus a consecutive twenty-three years for the remaining convictions. In response to the convictions, petitioner sought, and was denied, relief on direct and collateral state review. This federal habeas petition, and

respondent's motion to dismiss same, followed. Respondent contends that the petition is untimely, and therefore barred by AEDPA's statute of limitations.

**DISCUSSION**

**A.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.  Timeliness of the Petition**

According to the petition, petitioner was convicted on May 5, 2005. On November 18, 2006, the state appellate court affirmed the conviction on direct review, and the state supreme court denied the petition for direct review in January 24, 2007. On August 13, 2008, roughly a year and a half after the state supreme court denied review, petitioner filed a habeas petition in the state appellate court. After that petition was denied, petitioner filed a petition with the Alameda Superior Court on September 10, 2008, a petition the superior court denied on November 7, 2008. On December 17, 2008, petitioner filed a second petition with the state

appellate court, which denied this second petition on December 18, 2008. On January 9, 2009, petitioner filed a petition with the state supreme court, which denied said petition on June 24, 2009. The instant federal habeas petition was filed on November 18, 2009.

The petition is untimely under AEDPA, unless tolling is warranted. The limitations period started on April 24, 2007, which is ninety days after the California Supreme Court denied the petition for direct review, the time during which petitioner could have filed a petition with the U.S. Supreme Court. Petitioner, then, had until April 25, 2008 to file a timely federal habeas petition. Petitioner did not file his federal habeas petition until November 18, 2009, well after the final filing date. Accordingly, absent statutory or equitable tolling, the federal habeas petition is untimely, and must be dismissed.

**C.    Statutory and Equitable Tolling**

**1.    Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner is not entitled to statutory tolling. As stated above, petitioner had until April 25, 2008 to file a federal habeas petition. By that date, however, petitioner had not filed any habeas petitions, state or federal. His first habeas filing was on August 13, 2008, months after

the April 25 deadline for filing a federal habeas petition. Such filing did not toll the limitations period because it was filed after the April 25 deadline. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid, 991 F. Supp. 254 at 259.

Because petitioner filed his state habeas petitions after AEDPA's statute of limitations ended, he is not entitled to statutory tolling.

### 2. Equitable Tolling

Petitioner contends that he is entitled to equitable tolling because the prison did not return his legal materials to him until some unspecified time after he had been released from administrative segregation in April 2008. (Pet.'s Opp. to MTD at 5.) Petitioner asserts that without access to such legal materials he was unable to file timely habeas petitions. (Id.)

Although the Supreme Court has never "squarely addressed" the question of whether equitable tolling is applicable to AEDPA's statute of limitations, see Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), the Ninth Circuit has held the one-year limitations period can be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (finding § 2244(d) is a statute of limitations and not a jurisdictional bar). In the majority of cases, however, equitable tolling will not be available, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (internal quotation and citation omitted).

The Ninth Circuit has held the petitioner bears the burden of showing such "extraordinary exclusion" is applicable. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Further, to be granted equitable tolling, the petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely, the

equitable tolling claim will be denied. <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034–35 (9th Cir. 2005).

Here, petitioner has not shown that he is entitled to equitable tolling. His reasons for failing to file — his lack of access to legal materials — are insufficient to support the granting of this extraordinary relief. According to the documents petitioner submitted, he was in administrative segregation for one month in 2008, from March to April. While the alleged delay in having his legal materials returned to him may account for why petitioner was unable to file until some time after April 2008, it does not, however, explain the enormous delay between January 24, 2007, when the state supreme court denied his petition for review, and his first state habeas filing on August 13, 2008. Because petitioner has not shown that some extraordinary circumstance prevented him from filing a timely petition, the Court concludes that he is not entitled to equitable tolling.

Accordingly, respondent's motion to dismiss (Docket No. 6) is GRANTED. The petition is hereby DISMISSED.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. Accordingly, the petition is DISMISSED. This order terminates Docket No. 6.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: June 24, 2010

                                  SUSAN ILLSTON
                                  United States District Judge